## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

Maureen French

---

Write the full name of each plaintiff.

_____CV_____

(Include case number if one has been assigned)

-against-

HRA/NYC, Karen Roach, Director; Joan Reid,Supervisor;

Jacquelyn Brown, Supervisor; Tony Irhiemi, Provisional Supervisor;

Merva Boatswain, Caseworker

Write the full name of each defendant. The names listed above must be identical to those contained in Section I.

Do you want a jury trial?

☐ Yes    ☒ No

# EMPLOYMENT DISCRIMINATION COMPLAINT

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 3/24/17

## I.    PARTIES

### A.    Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional pages if needed.

| Maureen | G | French | |
|---|---|---|---|
| First Name | Middle Initial | Last Name | |

| 100 W 92nd St Apt 8H | | |
|---|---|---|
| Street Address | | |

| New York | NY | 10025 |
|---|---|---|
| County, City | State | Zip Code |

| 212-628-2083 | french.mg@gmail.com |
|---|---|
| Telephone Number | Email Address (if available) |

### B.    Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. (Proper defendants under employment discrimination statutes are usually employers, labor organizations, or employment agencies.) Attach additional pages if needed.

Defendant 1:

**Karen Roach, Director**
Name
894 Garrison Ave 1st fl
Address where defendant may be served

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

Defendant 2:

**Joan Reid, Supervisor**
Name
894 Garrison Ave 1st Floor
Address where defendant may be served

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

Page 2

Defendant 3:

Jacquelyn Brown, Supervisor

Name

894 Garrison Ave, 1st Fl

Address where defendant may be served

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

## II.    PLACE OF EMPLOYMENT

The address at which I was employed or sought employment by the defendant(s) is:

HRA, DSS OCSS (Office of Child Support)

Name

894 Garrison Ave 1st Fl

Address

| Bronx | NY | 10474 |
|---|---|---|
| County, City | State | Zip Code |

## III.    CAUSE OF ACTION

### A.  Federal Claims

This employment discrimination lawsuit is brought under (check only the options below that apply in your case):

☒ **Title VII of the Civil Rights Act of 1964**, 42 U.S.C. §§ 2000e to 2000e-17, for employment discrimination on the basis of race, color, religion, sex, or national origin

The defendant discriminated against me because of my (check only those that apply and explain):

☒  race: _____

☐  color: _____

☐  religion: _____

☐  sex: _____

☐  national origin: _____

Page 3

☒ **42 U.S.C. § 1981**, for intentional employment discrimination on the basis of race

My race is:  **white** _____

☒ **Age Discrimination in Employment Act of 1967**, 29 U.S.C. §§ 621 to 634, for employment discrimination on the basis of age (40 or older)

I was born in the year: _____

☐ **Rehabilitation Act of 1973**, 29 U.S.C. §§ 701 to 796, for employment discrimination on the basis of a disability by an employer that constitutes a program or activity receiving federal financial assistance

My disability or perceived disability is: _____

☐ **Americans with Disabilities Act of 1990**, 42 U.S.C. §§ 12101 to 12213, for employment discrimination on the basis of a disability

My disability or perceived disability is: _____

☐ **Family and Medical Leave Act of 1993**, 29 U.S.C. §§ 2601 to 2654, for employment discrimination on the basis of leave for qualified medical or family reasons

## B.  Other Claims

In addition to my federal claims listed above, I assert claims under:

☒ **New York State Human Rights Law**, N.Y. Exec. Law §§ 290 to 297, for employment discrimination on the basis of age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, marital status

☒ **New York City Human Rights Law**, N.Y. City Admin. Code §§ 8-101 to 131, for employment discrimination on the basis of actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, sexual orientation, alienage, citizenship status

☒ Other (may include other relevant federal, state, city, or county law):

**disparity in treatment in addition to obvious bias**

## IV.    STATEMENT OF CLAIM

### A.  Adverse Employment Action

The defendant or defendants in this case took the following adverse employment actions against me (check only those that apply):

☐  did not hire me

☐  terminated my employment

☒  did not promote me

☐  did not accommodate my disability

☒  provided me with terms and conditions of employment different from those of similar employees

☒  retaliated against me

☒  harassed me or created a hostile work environment

☒  other (specify):    Management treated me negatively by infringing on my civil rights,

providing false testimony and manufacturing evidence while the initial agressor was treated positively

### B.  Facts

State here the facts that support your claim. Attach additional pages if needed. You should explain what actions defendants took (or failed to take) *because of* your protected characteristic, such as your race, disability, age, or religion. Include times and locations, if possible. State whether defendants are continuing to commit these acts against you.
See attached.

As additional support for your claim, you may attach any charge of discrimination that you filed with the U.S. Equal Employment Opportunity Commission, the New York State Division of Human Rights, the New York City Commission on Human Rights, or any other government agency.

## V.    ADMINISTRATIVE PROCEDURES

For most claims under the federal employment discrimination statutes, before filing a lawsuit, you must first file a charge with the U.S. Equal Employment Opportunity Commission (EEOC) and receive a Notice of Right to Sue.

Did you file a charge of discrimination against the defendant(s) with the EEOC or any other government agency?

☒    Yes (Please attach a copy of the charge to this complaint.)

When did you file your charge?    **5/8/2023**

☐    No

Have you received a Notice of Right to Sue from the EEOC?

☒    Yes (Please attach a copy of the Notice of Right to Sue.)

What is the date on the Notice?    **4/4/2023**

When did you receive the Notice?

☐    No

## VI.    RELIEF

The relief I want the court to order is (check only those that apply):

☐    direct the defendant to hire me

☐    direct the defendant to re-employ me

☐    direct the defendant to promote me

☐    direct the defendant to reasonably accommodate my religion

☐    direct the defendant to reasonably accommodate my disability

☒    direct the defendant to (specify) (if you believe you are entitled to money damages, explain that here)
compensate for lost wage from point of hire for new supervisor job to retirement,

pain and suffering for harassment and discrimination, investigate and hold

management accountable, and create independent office for NYC Government
employees to turn to when all else fails.

Page 6

## VII.   PLAINTIFF'S CERTIFICATION

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| 7/2/2024 | | | |
| --- | --- | --- | --- |
| Dated | | Plaintiff's Signature | |
| Maureen | G | French | |
| First Name | Middle Initial | Last Name | |
| 100 W 92nd St Apt 8H | | | |
| Street Address | | | |
| New York | | NY | 10025 |
| County, City | | State | Zip Code |
| 212-628-2083 | | french.mg@gmail.com | |
| Telephone Number | | Email Address (if available) | |

I have read the attached Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes    ☒ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.

## Statement Of Facts

1. My name is Maureen French. I am 59 years old. From November 26, 2018 to January 4, 2024. I worked as a Caseworker at the City of New York, Human Resources Administration.

   The Defendant in this case is

2. HRA/NYC

3. Roach, Karen, Director
   894 Garrison Ave, 1st Fl, Bronx, NY 10474

4. Reid, Joan, Supervisor
   894 Garrison Ave, 1st Fl, Bronx, NY 10474

5. Brown, Jacquelyn, Supervisor
   894 Garrison Ave, 1st Fl, Bronx, NY 10474

6. Irhiemi, Tony, Provisional Supervisor,
   894 Garrison Ave, 1st Fl, Bronx, NY 10474

7. Boatswain, Merva, Caseworker who came to OCSS after me and is not my senior
   894 Garrison Ave, 1st Fl, Bronx, NY 10474

8. While at OCSS, the office is not very diverse; the majority are Black, followed by a few Hispanic, a Muslim as well as a Jewish person, and I was one of two white women. All of the caseworkers are friendly, except for Ms. Boatswain, who is malicious in intent. To be frank, I didn't want to believe it was racism, but it's apparent when you're the only one being constantly harassed, there's bias against you. Another colleague confirmed my suspicions in an Anonymous Testimony provided to the Union in my defense at the Office of Disciplinary Action at HRA.

9. Although management wasn't blunt about their bias; it was apparent in preferential ways towards others and sometimes it would slip out as found in one document found in Discovery with my complaint to the NYS DHR referring to me as subordinate to Ms. Boatswain in an email. The email dated November 18, 2022 from Supervisor Brown states in resolution 1 "...to not disrupt your subordinates as they are conducting telephone interviews."

10. I claim coworker Ms. Merva Boatswain discriminated against me, used her union position to harass and mistreat me.

11. I also maintain that Ms. Boatswain's actions were based in racism and enabled, if not encouraged, by management.

12. These actions resulted in the filing of trumped-up charges and falsified information, leading to my suspension and eventual separation from the company.

13. On numerous occasions, I brought up the issue of caseworker Ms. Merva Boatswain being loud and disruptive in the office and was advised by Mr. Tony Irhiemi, Provisional Supervisor (who works under Supervisor Brown who works under Supervisor Reid and all are overseen by Director Roach) that the issue was brought to management's attention previously by others.

14. Despite this, Ms. Boatswain's behavior continued. I brought the Code of Conduct regarding "a respectful workplace" from "In the Know at DSS-HRA-DHS from the Week of December 24, 2018 stating to "limit loud conversations in cubicles" and "do not speak to someone else by shouting over another colleague's cubicle" to Mr. Irhiemi's attention several times, but it did not resolve the issue.

15. In October 2022, I submitted numerous requests to Mr. Irhiemi asking him to investigate mine and other noise complaints that had been submitted against Ms. Boatswain.

16. On November 2, I made a direct request to Ms. Boatswain to lower her voice, begging, "Merva, please, trying to focus here, please Merva." Then again, "Please, Merva, you don't have to verbalize every thought." I asked Ms. Boatswain to lower her voice on November 2 because I was trying to focus on work. I begged for her to lower her voice, but I realized she was ignoring me, so I brought it to my supervisor's attention.

17. On November 14, Ms. Boatswain hurled insults about me over the phone to Mr. Irhiemi. Mr. Irhiemi did not do anything to curb the insults.After advising Mr. Irhiemi that Ms. Boatswain's loudness was still an issue, he called Ms. Boatswain over the phone because he was working remotely, and she went on a verbal tirade maligning my reputation calling me a girl, trash and no better than the sh*t on her shoe. I did not reply to her verbal assault, it was, however, delivered so that everyone in the office could hear.

18. On the following morning, November 15th, I submitted a written statement regarding the previous day's incident to Supervisor Joan Reid explaining:

> I followed protocol by notifying supervisor Mr. Irhiemi about Ms. Boatswain being extremely loud, an ongoing issue, and it not being addressed, so he called Ms. Boatswain while I was working and then I heard her screaming nasty language about me. Furthermore, I stated I went to supervisors for help and was

told to put the information in writing for follow up. No action was taken to stop Ms. Boatswain. I advised my supervisor that once Ms. Boatswain began to disparage me, he should have ended the conversation because the entire office was hearing her scream untrue comments about me, such as calling me a girl, a witch and trash and that I was no better than the sh*t on her shoe. Mr. Irhiemi could have ended the call and should have.

19. On November 17, I attended a meeting with supervisors Brown, Reid and Irhiemi along with Union representative Roberta Cochran. It was a distressing meeting that felt like an interrogation. In this meeting, Mr. Irhiemi stated that Ms. Boatswain "went off the rails". This comment was not mentioned in the meeting minutes or in his follow-up email to the Office of Conflict Resolution (OCR). Later in the day, I received a written summary of the meeting regarding the incident; the minutes had inaccuracies.

20. I realized I was going to have to find assistance with management elsewhere because the bias was apparent, so I contacted other entities for resolution, and I made hardship and general transfer requests as well. Over time, I submitted requests for assistance to every option afforded me including EEO, OCR, ODA, DSS Workplace Bullying, etc..

21. Ms. Boatswain's behavior continued. As a result of my complaint, her harassment intensified with no interference from management.

22. On December 14, 2022, I received an email from Judea Brown of OCR with the results of their "fact finding," stating both Ms. Boatswain and myself were spoken to about two incidents on November 2 and November 14 of 2022 respectively and were advised about the code of conduct and how to proceed in the future

23. Once again, I followed protocol and got nowhere.

24. Moreover, I replied to the email to ask why there wasn't an investigation because my complaint to OCR was regarding management and their harassment. I added, please note witnesses were not interviewed. The response from the OCR was "noted." I asked if witnesses would be interviewed and received no response.

25. It was important for witnesses to be interviewed because other caseworkers did not feel comfortable speaking to management in support of me out of fear of retaliation because it is a hostile environment.

26. On December 21, 2022, an email was sent out to our unit by our supervisor, Mr. Irhiemi, regarding "Maintaining an Environmentally Considerate Work Space" which covers the issues of people speaking across rooms, over cubicles, etc. There was supposed to be a discussion, but it was changed to a request to review the information for time's sake. I advised my supervisor, "I read it, Tony, but it's not being practiced in this office." He responded, "Do not worry yourself, that is why it is given out. So that when someone is sent to ODA. You won't say you did not know. Thank you anyway."

27. On January 19. 2023, I was working at my desk when Mr. Irhiemi sat down to speak with me regarding a case. We were interrupted by Ms. Spear, a caseworker in our unit.

28. Soon, over the cubicle wall, Ms. Spear, interjected herself into the conversation; this has occurred before and was brought to management's attention but nothing was done. When I asked Ms. Spear to mind her own business, she came over to my cubicle, and I stood up.

29. The discussion Mr. Irhiemi and I were having, while work related, was not meant for Ms. Spear.

30. The Rules of Conduct state that we should "…not speak to someone else by shouting over another colleague's cubicle" and "if you hear a conversation in a neighboring cubicle, please try not to eavesdrop, and do not add your own comments to the conversation unless they are requested."

31. Mr. Irhiemi did nothing to discourage Ms. Spear's behavior.

32. I received an email from management regarding a complaint from a client advising I should contact a supervisor when there is an issue with a client. Oddly enough, the email was received after contacting two supervisors about a client for an IPI (In-person interview) in which one of the supervisors had seen the client the day before.

33. The client was agitated but that was due to management blind-transferring the client to me without providing the customary information. Ms. Williams, a new supervisor, assigned the client to me but neglected to state she had spoken with the client the day before. When the client told me to speak to Ms. Williams, she told me, "she's your client now." I knew she was my client, but I didn't know what occurred or why the client wanted me to speak with Ms. Williams. I asked Mr. Irhiemi to speak with the client who wanted to make a complaint, but Mr. Irhiemi decided to help the client make

a complaint against me as opposed to Ms. Wiliams, who was actually responsible for the issue.

34. On May 4, I stopped working because Mr. Irhiemi sat down by my desk to speak with me; seconds later, Ms. Boatswain, who is also a Union representative, came over and handed me a piece of paper which I accepted. When I saw what it was, upcoming union election information, I attempted to hand it back to her. When she refused to take the paper back, I crumpled it up, threw it on the desk next to me and asked Ms. Boatswain to leave, but she refused. I asked her twice again, but she still refused; I turned to my supervisor who was sitting there and asked Mr. Irhiemi to ask her to leave. Mr. Irhiemi turned to Ms. Boatswain and mumbled, "Leave, Merva."

35. Even at Mr. Irhiemi's request, Ms. Boatswain did not leave. My supervisor just sat there, saying nothing as she refused to follow his instructions. The stress and anger at this entire proceeding and everything I had endured before built up in me. Frustrated, I said, "Leave Merva, you're nothing more than garbage." To which, Ms. Boatswain said that she wanted me "written up on charges".

36. Later that same day, I asked my supervisor why he did not speak up to stop Ms. Boatswain before the situation escalated but received no response.

37. I also contacted the Union to file a complaint stating she was using her position as a Union representative to harass a union member.

38. On May 5, I was working at my desk when I was advised by my supervisor to meet him in the conference room where supervisors and security were waiting.

39. Director Roach pushed a piece of paper across the table stating I was suspended for 10 days. She said "you've been served, take her badge…"

40. Escorted out by HRA police, I went back to my desk to close out the work I was doing, get my things and punch-out when the security guard told me to "hurry up" as the entire office watched.

41. I received a 10-day immediate suspension letter without any charges listed. (Ten days: May 8 - May 19, 2023)

42. Despite having multiple incidents where she insulted and verbally abused me, Ms. Boatswain was not once escorted out of the office, suspended, or had any kind of disciplinary action taken against her.

43. On May 16, my name and resume were placed in a job pool. I accepted a new position where I accepted a new position with a promotion to supervisor at NYC HRA Customized Assistance Services, Emergency Utility Intervention Program with an approximate start date of July 17, 2023.

44. On May 22, I returned back to work. When I explained to ODA personnel I did not wish to return to the old position because of harassment and discrimination; I was advised I did not have to interact with management on a personal level and could advise management the same.

45. At the "Welcome Back Meeting," I advised management as instructed that I had been to a pool and accepted a position and would be going to processing on May 25. Director Roach advised me to give the processing date paperwork to Mr. Irhiemi.

46. On May 22, I provided Mr. Irhiemi with the processing date paperwork for my new role, as requested.

47. On May 25, I reported to the Human Capital Management, Recruitment and Onboarding Screening Unit

48. On June 1, I obtained access to my Outlook emails and saw Mr. Irhiemi had emailed me on May 22 and on May 25 and cc'd management even though he knew I had no access to email.

49. Because of the suspension, I lost access to six different accounts needed to do my job; this included my email. For months, I did not have access; it was never a priority for management. Harassment was the priority.

50. In an email sent on May 22, Mr. Irhiemi alleged misconduct by me because I stated to him that ODA staff advised I only had to speak with him about work; I informed Mr. Irhiemi this is to facilitate an understanding of a strictly professional relationship and to reiterate he had the opportunity to do the right thing about Merva's bullying, and he did not.

51. In the evening, I spoke with Mr. Irhiemi about Citytime, but he kept insisting I read the information on his computer; when I stated I could not read the information on his

computer from where I was standing because of an eye condition I have called Fuch's Dystrophy he told me, "Don't lie on me."

52. Email received on May 25, Mr. Irhiemi alleges I was a No Show (for work), I responded on June 1st advising:I'm surprised by your email as I did mention it (May 25 Processing Date for new position) in the Welcome Back meeting about the upcoming processing date and gave you the documentation later that day as requested by Ms. Roach. Proper notification was made.

53. On May 25, I went for processing for the new position and was advised I should hear back the following Tuesday, but since I lost access to my computer systems due to the suspension, I would need to call back for an update.

54. On May 30, I called processing but did not hear back; I made calls and sent emails to HR Rep Carlene Woodley-Mitchell and Hiring Pool Supervisor, Kar-Wing Louie and was told to wait for a response in writing.

55. On June 5, I was the only one in my unit and most likely the entire office who received myPaperless Employee Appraisal System (PEAS) evaluation. Also, this evaluation is based on false reporting of incidents in 2023– not my work in 2022.

56. I signed and accepted the evaluation with remarks stating it was false.

57. I immediately appealed the PEAS evaluation based on fraudulent information.

58. I still did not know I allegedly assaulted Ms. Boatswain

59. But Management knew the way to stop a promotion was to give an unsatisfactory review along with an alleged assault, so my promotion went to the legal department.

60. On June 12, I emailed the pool supervisor to find out if he could provide any direction regarding information about my promotion, and he stated, as per the Office of Legal Affairs I was not selected and referred me to HR who stated I have to wait for a Letter of Determination.

61. On June 23, I received the written response from HRA through NYS DHR where I saw more falsified documentation in their exhibits. Specifically concerning, were the lies and how those lies were used to deny me a promotion by stating I made derogatory comments and was physically abusive by throwing paper at a coworker. I never did any

such thing as I testified in my original complaint on January 3, 2023 and my rebuttal on September 3, 2023.

62. On June 27, I received a letter, stating disqualification as per legal due to disciplinary action and unsatisfactory prior public employment.

63. Until June 27, I had an exemplary record having been vetted by HRA just five years earlier; also, I worked under two administrations in the Public Advocate's office and worked for years in Community Service.

64. I firmly believe that my offer for a new position was rescinded due to the lies that were perpetrated and spread by Ms. Boatswain. Management did nothing but enable her behavior, sabotage my career, and encourage her mistreatment of me.

65. Furthermore, Supervisor Irhiemi blatantly lied on numerous occasions, and I believe because he was provisional, he was easily manipulated by upper management to lie.

66. Lastly, I'd like to point out, I knew Director Roach had received the initial NYS DHR complaint because I had asked for an apology in it, and.when I stated to Director Roach how sad this all was and how it escalated, and it didn't have to be this way. Director Roach stated she would not apologize. That's when I knew she had received the complaint and it was telling how deep her hatred was.

67. Because of harassment and bias, I was suspended, lost two-weeks pay, lost my health insurance, lost access to systems on my return which, in turn, kept the harassment going. The harassment was relentless.

68. Which is why I'm also asking for an independent office for government employees to seek help from harassment and discrimination.

69. I have spent my life serving the people of NYC; I was looking forward to my new position helping those who need assistance and then retiring as a supervisor in just a few years at the age of 63.

70. I suffered a monetary loss of approximately $350,000 due to the suspension and having the job offer rescinded; this does not include pain and suffering for harassment and discrimination. My pay was approximately $48,000 and my pay as Supervisor has a salary of $66,000. At this time, I am not working.



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS

(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/04/2024

**To:** Maureen French
100 W. 92nd Street, Apt 8H
New York, NY 10025

Charge No: 16G-2023-04660

EEOC Representative and email:   HERNAN MORALES
S/L Program Manager
hernan.morales@eeoc.gov

### DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
04/04/2024

Yaw Gyebi, Jr.
District Director

Cc: NYC Human Resources Administration
   Office of Legal Affairs – 4WTC
   150 Greenwich Street, 38th Floor
   New York, NY 10007


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

**IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT**

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you *receive* this Notice.** Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

**ATTORNEY REPRESENTATION**

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

**HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS**

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16G-2023-04660 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16G-2023-04660 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

New York District Office
33 Whitehall St, 5th Floor
New York, NY 10004
(929) 506-5270
Website: www.eeoc.gov

## DETERMINATION AND NOTICE OF RIGHTS
(This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 04/04/2024

**To:** Maureen French
100 W. 92nd Street, Apt 8H
New York, NY 10025

Charge No: 16G-2023-03392

EEOC Representative and email:    HERNAN MORALES
S/L Program Manager
hernan.morales@eeoc.gov

## DETERMINATION OF CHARGE

The EEOC issues the following determination: The EEOC will not proceed further with its investigation and makes no determination about whether further investigation would establish violations of the statute. This does not mean the claims have no merit. This determination does not certify that the respondent is in compliance with the statutes. The EEOC makes no finding as to the merits of any other issues that might be construed as having been raised by this charge.

The EEOC has adopted the findings of the state or local fair employment practices agency that investigated your charge.

## NOTICE OF YOUR RIGHT TO SUE

This is official notice from the EEOC of the dismissal of your charge and of your right to sue. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice.** Receipt generally occurs on the date that you (or your representative) view this document. You should keep a record of the date you received this notice. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission,

Digitally Signed By:Yaw Gyebi, Jr.
04/04/2024

Yaw Gyebi, Jr.
District Director

Cc: NYC Human Resources Administration
Office of Legal Affairs – 4WTC
150 Greenwich Street, 38th Floor
New York, NY 10007


Please retain this notice for your records.

Enclosure with EEOC Notice of Closure and Rights (01/22)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court **under Federal law**. If you also plan to sue claiming violations of State law, please be aware that time limits may be shorter and other provisions of State law may be different than those described below.)*

### IMPORTANT TIME LIMITS – 90 DAYS TO FILE A LAWSUIT

If you choose to file a lawsuit against the respondent(s) named in the charge of discrimination, you must file a complaint in court **within 90 days of the date you** *receive* **this Notice**. Receipt generally means the date when you (or your representative) opened this email or mail. You should **keep a record of the date you received this notice**. Once this 90-day period has passed, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and the record of your receiving it (email or envelope).

If your lawsuit includes a claim under the Equal Pay Act (EPA), you must file your complaint in court within 2 years (3 years for willful violations) of the date you did not receive equal pay. This time limit for filing an EPA lawsuit is separate from the 90-day filing period under Title VII, the ADA, GINA, the ADEA, or the PWFA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA, the ADEA or the PWFA, in addition to suing on the EPA claim, your lawsuit must be filed within 90 days of this Notice and within the 2- or 3-year EPA period.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Filing this Notice is not enough. For more information about filing a lawsuit, go to https://www.eeoc.gov/employees/lawsuit.cfm.

### ATTORNEY REPRESENTATION

For information about locating an attorney to represent you, go to:
https://www.eeoc.gov/employees/lawsuit.cfm.

In very limited circumstances, a U.S. District Court may appoint an attorney to represent individuals who demonstrate that they are financially unable to afford an attorney.

### HOW TO REQUEST YOUR CHARGE FILE AND 90-DAY TIME LIMIT FOR REQUESTS

There are two ways to request a charge file: 1) a Freedom of Information Act (FOIA) request or 2) a "Section 83" request. You may request your charge file under either or both procedures. EEOC can generally respond to Section 83 requests more promptly than FOIA requests.

Since a lawsuit must be filed within 90 days of this notice, please submit your FOIA and/or Section 83 request for the charge file promptly to allow sufficient time for EEOC to respond and for your review.

**To make a FOIA request for your charge file**, submit your request online at https://eeoc.arkcase.com/foia/portal/login (this is the preferred method). You may also submit a FOIA request for your charge file by U.S. Mail by submitting a signed, written request identifying your request as a "FOIA Request" for Charge Number 16G-2023-03392 to the

Enclosure with EEOC Notice of Closure and Rights (01/22)

District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

**To make a Section 83 request for your charge file**, submit a signed written request stating it is a "Section 83 Request" for Charge Number 16G-2023-03392 to the District Director at Yaw Gyebi, Jr., 33 Whitehall St 5th Floor, New York, NY 10004.

You may request the charge file up to 90 days after receiving this Notice of Right to Sue. After the 90 days have passed, you may request the charge file only if you have filed a lawsuit in court and provide a copy of the court complaint to EEOC.

For more information on submitting FOIA requests, go to https://www.eeoc.gov/eeoc/foia/index.cfm.

For more information on submitted Section 83 requests, go to https://www.eeoc.gov/foia/section-83-disclosure-information-charge-files.

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

MAUREEN FRENCH,

                                    Complainant,

                    v.

CITY OF NEW YORK, HUMAN RESOURCES
ADMINISTRATION,

                                    Respondent.

---

COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10225166**

Federal Charge No. 16GC303392

I, Maureen French, residing at 100 W. 92nd Street, Apt 8H, New York, NY, 10025, charge the above named respondent, whose address is 890 Garrison Avenue, Bronx, NY, 10474 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of race/color.

Date most recent or continuing discrimination took place is 11/14/2022.

The allegations are:

### SEE ATTACHED

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of race/color, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

**Basis of alleged discrimination in employment:**

**Race/Color** (because you are Asian, Black, White, etc.; includes ethnicity; includes traits historically associated with race such as hair texture or hairstyle)

**Please specify race/color:**

White

## You are filing a complaint against

**Entity that discriminated against you:**

**Name of entity**

Merva Boatswain, DSS snd oversight offices

**Street Address**

890 Garrison Ave

**City**

Bronx

**State**

NY

**Zip**

10474

**In what county or borough did the violation take place?**

Bronx

**Phone Number**

**Email address**

**Fax Number**

**Company Website**

**Please provide the name, last name, and title of individual people who discriminated against you.**

Please forward this case to Claritza:

Merva boatswain, caseworker is the individual who discriminated against me using vile language. Also, I do not believe the investigations were complete. There was bias with supervisors, and I'm hoping this is not true, but either way when a complaint is made, there should be a response and an ability to appeal, I literally stated in my appeal to please note, witnesses were not contacted including the supervisor who was on the phone call with the caseworker who spoke the vile words was not contacted by the ODA and no one in our office who saw and heard this whole incident was interviewed by anybody outside the office.

**Please provide the email addresses of individual people who discriminated against you.**

Boatswainm@hra.nyc.gov

**Date of the most recent act of alleged discrimination**

11/14/2022

## Description of discrimination

**Tell us more about each act of discrimination that you experienced. Please include dates, names of people involved, and other details. You must explain why you think these acts were discriminatory and how these acts are connected to the protected class (race, color, sex, disability, etc.) you selected previously.**

My complaint is in regards to a colleague, who is speaking with my supervisor over the phone. She was speaking extremely loudly, and the entire office could hear as she was referring to me as a girl, a witch and trash. She didn't stated I was discriminatory against her and she also stated that she doesn't pay me any mind because she's no better than the shit on her shoe. I did not speak with Miss boatswain as she went on a tirade. I had hoped that someone would stop the call, but nobody did. Since then I had been in an interview with my supervisors. I have emailed the office of conflict resolution of the EEO office or disciplinary action so many different places and this one office is the only office they got back to me and that was months later and so I'm sure it's because everybody is swamped with work, but I am concerned that this could happen to somebody else in the future and not only will. They have no one to turn to but every hope will be dashed as they try to find help. It seems that every recourse we are advise that we have did not work in this instance and I hope it's an exception thank you.
PS I tried to upload photos of the emails documenting the difficulties but the files weren't accepted. If emailing from a nyc.gov address is okay, I'll send directly to you via email

## Declaration

Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.

I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)

**Please initial:**

Mgf

I affirm under penalties of perjury, that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.

Maureen French

**Enter today's date.**

04/12/2023

NEW YORK STATE
DIVISION OF HUMAN RIGHTS

---

NEW YORK STATE DIVISION OF
HUMAN RIGHTS on the Complaint of

MAUREEN FRENCH,

Complainant,

v.

CITY OF NEW YORK, HUMAN RESOURCES
ADMINISTRATION,

Respondent.

COMPLAINT
Pursuant to Executive Law,
Article 15

Case No.
**10227026**

---

Federal Charge No. 16GC304660

  I, Maureen French, residing at 100 W. 92nd Street, Apt 8H, New York, NY, 10025, charge the above named respondent, whose address is 890 Garrison Avenue, Bronx, NY, 10474 with an unlawful discriminatory practice relating to employment in violation of Article 15 of the Executive Law of the State of New York (Human Rights Law) because of opposed discrimination/retaliation.

  Date most recent or continuing discrimination took place is 6/16/2023.

  The allegations are:

## SEE ATTACHED

Based on the foregoing, I charge respondent with an unlawful discriminatory practice relating to employment because of opposed discrimination/retaliation, in violation of the New York State Human Rights Law (Executive Law, Article 15), Section 296.

I also charge the above-named respondent with violating Title VII of the Civil Rights Act of 1964, as amended (covers race, color, creed, national origin, sex relating to employment). I hereby authorize SDHR to accept this complaint on behalf of the U.S. Equal Employment Opportunity Commission (EEOC) subject to the statutory limitations contained in the aforementioned law(s).

**Acts of alleged discrimination: What did the person/company you are complaining against do? Check all that apply**

Denied me promotion/pay raise
Gave me a disciplinary notice or negative performance review
Suspended me
Denied my request for an accommodation for my disability, or pregnancy-related condition
Denied me leave time or other benefits
Harassed or intimidated me on any basis indicated here

## Basis

**Basis of alleged discrimination in employment:**

**Retaliation** (if you filed a discrimination case before, were a witness or helped someone else with a discrimination case, or opposed or reported discrimination due to category listed on this page)

**Please specify what you did to oppose discrimination or how you engaged in protected activity.**

10225166

## You are filing a complaint against

**Entity that discriminated against you:**

**Name of entity**

OCSS HRA

**Street Address**

890 Garrison Ave 1st floor

**City**

Bronx

**State**

NY

**Zip**

10474

**In what county or borough did the violation take place?**

Bronx

**Phone Number**

929-252-4100

**Email address**

**Fax Number**

**Company Website**

https://www.nyc.gov/site/hra/help/child-support-services.page

**Please provide the name, last name, and title of individual people who discriminated against you.**

Roach, Karen Director Roach
Reid, Joan Supervisor 3
Brown, Jacquelyn Supervisor 2
Tony Irhiemi, Supervisor
Elsie Rivera, Supervisor
Merva Boatswain, Caseworker

**Please provide the email addresses of individual people who discriminated against you.**

Roach, Karen Roachka@hra.nyc.gov
Reid. Joan reidj@hra.nyc.gov
Brown, Jacquelyn brownjac@hra.nyc.gov
Irhiemi, Tony irhiemit@hra.nyc.gov
Rivera, Elsie Riverae@hra.nyc.gov
Boatswain, Merva Boatswainm@hra.nyc.gov

**Date of the most recent act of alleged discrimination**

06/16/2023

## Description of discrimination

**Tell us more about each act of discrimination that you experienced.  Please include dates, names of people involved, and other details.  You must explain why you think these acts were discriminatory and how these acts are connected to the protected class (race, color, sex, disability, etc.) you selected previously.
If you have supporting documentation or evidence, you may provide it later.**

In brief, I, Maureen French, am filing a complaint against OCSS management for being derelict in their duties in addressing issues previously brought up regarding a coworker, Merva Boatswain, causing an undue hardship during my employment at Child Support in the Bronx. Managerial negligence of Tony Irhiemi, Elsie Rivera, Supervisor Brown, Supervisor Reid, Director Roach escalated tensions in an already hostile environment. Instead of issue resolution, management added insult to injury by falsifying documents and by giving a trumped-up suspension. Meanwhile, the same caseworker, Merva Boatswain, and supervisor, Tony Irihiemi, were involved; neither time was Maureen French willingly involved, yet I have been painted as an aggressor, and it has held up a promotion for a job I accepted. For further information, I have forwarded documentation.

In sum, scapegoating the person who requested help is never the answer. I am seeking relief for lost wages (including new contract back pay for 2023 and 10 days pay from suspension) and an immediate transfer to my new position. I am also requesting an investigation into how local and outside requests for help were handled and request remedies to be made where needed. I am hoping this does not occur to anyone again in the future, and if so, there should be one place to respond quickly with help and a transfer out. Thank you.

## Declaration

**Based on the information contained in this form, I charge the herein named respondent(s) with an unlawful discriminatory practice, in violation of the New York State Human Rights Law.**

**I have not filed any other civil action, nor do I have an action pending before any administrative agency, under any state or local law, based upon this same unlawful discriminatory practice. (If you have another action pending and still wish to file, please contact our office to discuss.)**

**Please initial:**

mgf

**I affirm under penalties of perjury, that I am the complainant herein; that I have read (or had read to me) the foregoing complaint and know the content thereof; that the same is true of my own knowledge except as to the matters therein stated on information and belief; and that as to those matters, I believe the same to be true.**

Maureen French

**Enter today's date.**

06/21/2023

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

Maureen French
100 W. 92nd Street, Apt 8H
New York, NY 10025

EEOC Charge Number: 16GC304660
NYSDHR Case Number: 10227026

**NOTICE**

This office has been informed that you filed a complaint of employment discrimination with the New York State Division of Human Rights (NYSDHR).  The purpose of this notice is to inform you of your federal rights pursuant to one or more of the statutes under which you may have filed.  Please be advised that your complaint will be investigated by the New York State Division of Human Rights, not the Federal Equal Employment Opportunity Commission (EEOC).  All questions, correspondence and status reports with regard to your case must be directed to the New York State Division of Human Rights office where your complaint was filed.

**YOUR FEDERAL RIGHTS** (if you filed under):

[X] Title VII of the Civil Rights Act of 1964, as amended — If you want to file a private lawsuit in federal district court with your own private attorney because you do not want the New York State Division of Human Rights to conduct an investigation, you may request from the EEOC a Notice of Right to Sue, 180 days after you have filed your complaint. Once the EEOC grants your request, it is only valid for ninety (90) days from the date the Notice was issued, after which your time to sue expires.  If you want the New York State Division of Human Rights to conduct an investigation, you do not need to make this request, or to contact or write either agency.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

[ ] The Americans with Disabilities Act of 1990 (ADA) — Same as Title VII, above.

[ ] The Age Discrimination in Employment Act of 1967, as amended(ADEA) — If you want to file a private lawsuit with your own private attorney, you could do so any time after 60 days from the date you filed your complaint with the New York State Division of Human Rights.  This is only if you do not want the New York State Division of Human Rights to conduct an investigation, otherwise you do not need to do anything at this time.  The New York State Division of Human Rights will contact you and/or advise you in the near future of their investigation and determination findings.

Date: July 19, 2023

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
New York District Office
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

**EEOC REVIEW PROCEDURE**

If you want the EEOC to review the New York State Division of Human Rights final determination, because you are not satisfied with their final findings, you may request that the EEOC conduct a substantial weight review.  This request must be done in writing to the EEOC and within fifteen (15) days from the date you received the New York State Division of Human Rights final determination.  Otherwise, we will adopt the state findings.

You review request must specify the reason(s) why you do not agree with the New York State Division of Human Rights final determination.

Mail your request for substantial weight review to:

Equal Employment Opportunity Commission
Attn: State and Local Unit
33 Whitehall Street, 5th Floor
New York, New York 10004-2112

This address is for review purposes only.  Remember, if you have questions concerning the status of your case, you must contact the New York State Division of Human Rights.

Date: July 19, 2023